IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KAMARONTE D. JONES,**

                          Petitioner,

           v.                                          CASE NO. 20-3203-SAC

**STATE OF KANSAS,**

                          Respondent.

**NOTICE AND ORDER TO SHOW CAUSE**

The case comes before the Court on Petitioner Kamaronte D. Jones's petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner proceeds pro se. The Court has conducted an initial review of the Petition and enters the following order.

**Background**

On August 22, 2008, Petitioner was sentenced to a hard 25 life sentence and a 9-month prison sentence after a jury convicted him of first-degree murder and criminal possession of a firearm in the District Court of Sedgwick County, Kansas. *State v. Jones*, No. 07-CR-002865. The conviction was affirmed by the Supreme Court of Kansas on direct appeal in an opinion dated October 12, 2012. *State v. Jones*, 286 P.3d 562 (Kan. 2012).

On May 1, 2013, Petitioner filed a motion seeking habeas relief in Kansas courts under K.S.A. 60-1507. His motion was denied by the district court. *Jones v. State*, No. 2013-CV-001356-IA. Petitioner appealed, and the Kansas Court of Appeals affirmed the denial on January 30, 2015. *Jones v. State*, No. 111,004, 2015 WL 569405 (Kan. App. 2015). The Kansas Supreme Court denied review on August 20, 2015.

On April 6, 2016, Petitioner filed a second motion under K.S.A. 60-1507.  The district court denied the motion as successive and untimely.  *Jones v. State*, No. 2016-CV-000830-IA.  Petitioner appealed, and the Kansas Court of Appeals affirmed the denial on December 8, 2017.  *Jones v. State*, No. 116,657, 2017 WL 6063072 (Kan. App. Dec. 8, 2017).  The Kansas Supreme Court denied review on June 25, 2018.

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Petition**

Mr. Jones bases his Petition on three grounds: (1) the district court violated his due process rights when it instructed the jury that it could consider Petitioner's gang membership for purposes of proving his motive, intent, relationship of the parties, identification, and to explain the inexplicable; (2) the district court violated his due process rights when it gave an outdated instruction regarding eyewitness identification to the jury; and (3) the district court violated his due process rights when it failed to instruct the jury on the lesser-included offense of second degree murder.  Petitioner raised all three grounds in the direct appeal of his convictions.

**Standard of review**

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a petitioner is entitled to habeas corpus relief only if the last reasoned state court decision either "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]", 28

U.S.C. § 2254(d)(1), or that decision was based upon an "unreasonable determination of the facts in light of the evidence presented." § 2254(d)(2). After making that showing, a petitioner under § 2254 must ultimately show that a constitutional violation occurred. *See Hancock v. Trammell*, 798 F.3d 1002, 1010 (10th Cir. 2015); 28 U.S.C. § 2254(a).

The AEDPA established a "highly deferential" standard of review and requires the habeas court to give "state-court decisions ... the benefit of the doubt." *Littlejohn v. Trammell,* 704 F.3d 817, 824 (10th Cir. 2013) (quoting *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002))(per curiam). In reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007). "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard v. Boone,* 468 F.3d 665, 671 (10th Cir. 2006); *see also Frost v. Pryor,* 749 F.3d 1212, 1215 (10th Cir. 2014). This deferential standard of review "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal." *Harrington v. Richter,* 562 U.S. 86, 102–03 (2011) (internal quotations and citations omitted).

The Court is required to presume the factual findings of the state court are correct unless Petitioner rebuts the presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *accord Welch v. Workman,* 639 F.3d 980, 991 (10th Cir. 2011).

**Analysis**

The Petition is subject to dismissal because it was filed outside the limitation period established by the AEDPA. Under the AEDPA, an inmate in state custody has one year to file a federal habeas petition challenging a state conviction. 28 U.S.C. § 2244(d)(1). The act provides four alternative starting dates for the limitation period:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D). The statute includes a tolling provision for properly filed post-conviction actions:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(2).

In this case, the latest date for determining the start of the limitations period is determined under paragraph (A). A conviction becomes final for federal habeas purposes either after the U.S. Supreme Court denies review or, if no petition for certiorari is filed, 90 days after a final decision by the state's court of last resort. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The Kansas Supreme Court affirmed

Petitioner's convictions on October 12, 2012, and he did not seek review by the U.S. Supreme Court. Therefore, his convictions became final on January 12, 2013, and the one-year limitation period for filing a § 2254 petition began to run the next day. *See Hurst*, 322 F.3d at 1261.

The clock ran until May 1, 2013 when Petitioner filed a post-conviction motion for habeas corpus pursuant to K.S.A. 60-1507. This filing stopped the clock, tolling the limitation period after 107 days had passed. The clock remained stopped as Mr. Jones's 60-1507 motion was denied by the district court, the denial was affirmed by the Kansas Court of Appeals, and the Kansas Supreme Court considered his petition for review. The Kansas Supreme Court denied review on August 20, 2015, and the clock started again on August 21, 2015.

The clock continued to run even though Mr. Jones filed a second 60-1507 motion on April 6, 2016. The second 60-1507 motion was rejected as untimely. Therefore, it was not "properly filed," and Petitioner was not entitled to statutory tolling under 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Even if the second 60-1507 motion did stop the clock, 334 days of the one-year limitation period had run at the time the motion was filed. Petitioner's second 60-1507 motion was resolved on June 25, 2018 with the Kansas Supreme Court denying review. The next day, statutory tolling ceased and "the available time for filing a federal habeas petition resumed its relentless decline." *Trimble v. Hansen*, 764 F. App'x 721, 724 (10th Cir. 2019). The limitation period would have expired on July 26, 2018, almost exactly two years before Mr. Jones filed his Petition here. Consequently, the Petition is untimely and subject to dismissal.

Under very limited circumstances, the limitation period may be equitably tolled. *See Pace*, 544 U.S. at 418. "[A] [habeas] petitioner is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[A]n inmate bears

a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Petitioner makes no argument for equitable tolling in his Petition, other than referring to the COVID-19 pandemic. He alleges no extraordinary circumstance that prevented him from filing for the last two years. However, the Court gives Petitioner an opportunity to show why he is entitled to equitable tolling of the limitation period.

**Conclusion**

The Court directs Petitioner to show cause why the Petition should not be summarily dismissed because it was filed out of time.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **December 16, 2020**, to show cause why this matter should not be dismissed. The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

**DATED:  This 16th day of November, 2020, at Topeka, Kansas.**

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge
