IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**KAMARONTE D. JONES,**

           **Petitioner,**

     v.                                       **CASE NO. 20-3203-SAC**

**STATE OF KANSAS,**

           **Respondent.**

## MEMORANDUM AND ORDER

The case comes before the Court on two filings by Petitioner. First, Petitioner asks the Court for clarification of the Notice and Order to Show Cause ("NOSC") entered on November 16, 2020 (ECF No. 7). Second, Petitioner requests the appointment of counsel.

The NOSC stated that the Court has reviewed Mr. Jones's Petition and found that it was not filed within one year of his convictions becoming final, as required by law. As a result, the Court cannot consider the merits of the claims made in the Petition. The Court gave Mr. Jones the chance to respond to the NOSC before his Petition is dismissed. This is in case Mr. Jones thinks the Court got something wrong or in case Petitioner believes he qualifies for an exception to the one-year requirement. The Court explained that in very limited circumstances a prisoner may qualify for equitable tolling of the one-year limitation period. To qualify, Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has until December 16, 2020 to make that showing.

Petitioner also filed a Motion to Appoint Counsel (ECF No. 9). Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel for a § 2254 petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Where an evidentiary hearing is not warranted, appointment of counsel is not required. *See Engberg v. Wyo.*, 265 F.3d 1109, 1122 n.10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary); *see also* Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). The Court has not determined that an evidentiary hearing is warranted in Petitioner's case.

Considering Petitioner's claims, his ability to present his claims, and the complexity of the legal issues involved, the Court finds appointment of counsel in this matter is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."). At this point, Petitioner needs to explain to the Court how he has been diligently pursuing his rights and what extraordinary circumstance stopped him from filing his Petition in a timely manner. Petitioner's motion is denied without prejudice to the Court's reconsideration in the event the Court finds an evidentiary hearing is required in this matter.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Appoint Counsel (ECF No. 9) is **denied** without prejudice.

**IT IS SO ORDERED.**

**DATED:  This 24th day of November, 2020, at Topeka, Kansas.**

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**